UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES PENNY,

        Petitioner,               Case Number: 2:07-CV-14603

v.                                   HONORABLE AVERN COHN

RAYMOND BOOKER,

        Respondent.
_____/

**OPINION AND ORDER
DENYING PETITIONER'S MOTION TO PROCEED WITH HABEAS CLAIM
AND DENYING PETITION FOR WRIT OF HABEAS CORPUS**

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner James Penny (Petitioner) is a state inmate at the Lakeland Correctional Facility in Coldwater, Michigan. Petitioner filed a pro se petition for a writ of habeas corpus challenging the Michigan Parole Board's failure to release him on parole. Respondent, through the Attorney General's office, filed a response, arguing that Petitioner's claims are without merit. As will be explained, Petitioner has also filed a motion to proceed with his habeas claim, which the Court construes as a motion for an evidentiary hearing. For the reasons which follow, Petitioner's motion will be denied and the petition will be denied.

### II. Background

In September 1992, following a bench trial in Recorder's Court for the City of Detroit, Petitioner was convicted of second-degree murder. On October 15, 1992, he was sentenced to life imprisonment.

In his petition, Petitioner challenges the Michigan Parole Board's (MPB) decisions denying him release on parole. Most recently, the MPB denied Petitioner release on parole in April 2007.

Petitioner challenges that decision on the basis that it denied him his rights under the Due Process Clause because the Parole Board relied upon inaccurate information in reaching its decision.

### III.  Petitioner's Motion

Petitioner has filed a "Motion to Proceed With Petitioner's Habeas Corpus Claim that Materially False or Unreliable Information was Generated During the Parole Interview Justifies Petitioner's Request to Develop the Factual Record as Set Forth in Townsend v. Burke, 344 U.S. 736 (1948)."

Petitioner's Motion is properly construed as a request for an evidentiary hearing. Rule 8, Rules Governing Section 2254 Cases in the United States District Courts provides, in pertinent part:

> [A]fter the answer and the transcript and record of state court proceedings are filed, [the Court] shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required.  If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the petition as justice shall require.

Rule 8, Rules Governing Section 2254 Cases.

A federal court may not conduct an evidentiary hearing where the petitioner has failed to develop the factual record in state court, except under limited circumstances, including where the petitioner diligently attempted to develop the factual basis, but was unable to do so.  Williams v Taylor, 529 U.S. 420, 437 (2000).  "Diligence . . . depends upon whether the prisoner made a reasonable attempt, in light of the information

available at the time, to investigate and pursue claims in state court." Id. at 435. In addition, the federal court may conduct an evidentiary hearing only if the facts underlying the claim, if true, would establish a constitutional error. Sawyer v. Hofbauer, 299 F.3d 605, 610 (6th Cir. 2002).

Here, an evidentiary hearing is unnecessary for a just resolution of Petitioner's claim that the parole board relied upon inaccurate information in denying him release on parole. Petitioner asserts no facts which, if true, would establish a constitutional error.

### IV. The Petition

As noted above, Petitioner challenges the MPB's failure to release him on parole. However, Petitioner has no constitutional right to be released on parole because there is no constitutional right of a lawfully convicted person to be conditionally released before the expiration of a valid sentence. See Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979); Bd. of Pardons v. Allen, 482 U.S. 369, 377 n.8 (1987). Thus, there is no federal constitutional right to parole. Gavin v. Wells, 914 F.2d 97, 98 (6th Cir. 1990); Sweeton v. Brown, 27 F.3d 1162 (6th Cir. 1994).

In Michigan, the decision to release a prisoner on parole is a discretionary decision of the parole board. In re Parole of Johnson, 235 Mich. App. 21, 596 N.W.2d 202 (1999) (per curiam) (citing Mich. Comp. Laws § 791.234(6)(d) and 791.234(7)). *See also* Mich. Comp. Laws § 791.234(9). The Michigan parole statute does not create a right to be paroled. Hurst v. Dep't of Corr. Parole Bd., 119 Mich. App. 25, 28-29, 325 N.W.2d 615, 616 (1982). Because the Michigan Parole Board has discretion whether to grant parole, a defendant does not have a protected liberty interest in being released on parole. Canales v. Gabry, 844 F. Supp. 1167, 1171 (E.D. Mich. 1994). "[T]he

expectancy of release upon parole is not a constitutionally protected interest where the state holds out 'no more than a mere hope that the benefit will be obtained.'" Wright v. Trammell, 810 F.2d 589, 590 (6th Cir. 1987) (quoting Greenholtz, 442 U.S. at 11, 99 S. Ct. 2100).  Consequently, Petitioner does "not have a sufficient liberty interest in his future parole release to be entitled to due process in his parole release proceedings." Sharp v. Leonard, 611 F.2d 136, 137 (6th Cir. 1979).  In addition, "[a]lthough substantive due process protects inmates from arbitrary denials of parole based on impermissible criteria such as race, political beliefs or frivolous factors, such as eye color, even where a prisoner may not have a protected liberty interest," *Mayrides v. Chaudhry*, 43 Fed. Appx. 743, 746 (6th Cir. 2002), Petitioner fails to present any such allegations here.  Accordingly, Petitioner is not entitled to habeas corpus relief.

     Even assuming that Petitioner has a right to due process in the parole-release decision making process, Petitioner has failed to show that this right was violated. Petitioner speculates that the Parole Board denied him release on parole based upon a Board Member's understanding that the victim was stabbed in the back.  First, as pointed out by Respondent, Petitioner has failed to show that this was a factor in denying Petitioner release on parole.  The Parole Board's notice of intent to conduct a parole board interview indicates that the Parole Board will consider, inter alia, a prisoner's criminal history, institutional conduct and program performance, mental health, and readiness to accept responsibility for actions.  Petitioner's history of nine major misconducts while incarcerated likely factored into the parole board's decision. Second, Petitioner has failed to show that the information that the victim was stabbed in the back is inaccurate.  The Presentence Investigation Report completed in 1992,

4

summarizes the investigator's description of the offense and indicates that the victim had a knife protruding from her upper back.  Therefore, even assuming the parole decision was based, at least in part, on the circumstances of the crime, Petitioner has not shown that the information that the victim was stabbed in the back was inaccurate.  Finally, even if in fact the parole board relied upon inaccurate information, such reliance does not amount to a constitutional violation.  Therefore, Petitioner has not shown that the Parole Board relied upon any inaccurate information in denying him release on parole.

Finally, to the extent that Petitioner argues in his Reply brief that he is entitled to relief because the 1992 Amendments to the parole laws violate the Ex Post Facto Clause, this claim is not properly considered by this Court.  In another proceeding in this district, Foster-Bey v. Rubitschun, No. 05-71318 (E.D.Mich.), a group of plaintiff prisoners filed suit under § 1983 presenting the precise ex post facto claim involved here.  The matter was given class action status.  Petitioner is a member of class.  In that case, the district judge found an ex post facto violation with regard to prisoners sentenced to "parolable" life terms based on the combined effect of several statutory amendments.  In its final order for purposes of appeal, the district court issued a declaratory judgment and injunctive order fashioning relief and requiring the Parole Board to give "prompt personal parole review" to the plaintiff class under the norms used before 1992.  Foster-Bey at 2 (Feb. 7, 2008) (Dkt.168).  Further, while the class action is on appeal, the district court in Foster-Bey is proceeding with its monitoring of the Parole Board's progress in giving prompt personal parole review to the plaintiff class as required by the district court's injunctive order.  The Sixth Circuit has held it improper

for a class action plaintiff to pursue an individual action that is duplicative of the class action.  Groseclose v. Dutton, 829 F.2d 581, 584 (6th Cir.1987) ( "To allow two or more district judges to issue directions to prison officials simultaneously would be to create ... an "inefficient" situation, fraught with potential for inconsistency, confusion, and unnecessary expense.").  Therefore, an adequate remedy for Petitioner's ex post facto claim lies in the proceedings in Foster-Bey.

### V.  Conclusion

For the reasons stated above, Petitioner's "Motion to Proceed With Petitioner's Habeas Corpus Claim that Materially False or Unreliable Information was Generated During the Parole Interview Justifies Petitioner's Request to Develop the Factual Record as Set Forth in *Townsend v. Burke*, 344 U.S. 736 (1948)" is DENIED.

The petition is DENIED.  This case is DISMISSED.

SO ORDERED.

Dated:  January 6, 2009             s/Avern Cohn
                                    AVERN COHN
                                    UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to James Penny, 172034, Ryan Correctional Facility, 17600 Ryan Road, Detroit, MI 48212 and the attorneys of record on this date, January 6, 2009, by electronic and/or ordinary mail.

                                    s/Julie Owens
                                    Case Manager, (313) 234-5160